IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | **8:25CV462** |
| vs. | |
| B'ANI JESUIUM JEWISH TEMPLE OF LINCOLN, NE, "SOUTH STREET TEMPLE" LEADERS OF JUDAISM, RABBI'S, MEMBER'S OF THE TEMPLE, in their individual capacity; NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES RELIGOUS LEADERS OF CORDINATION, MR. RUCKER, of the Reception Treatment Center, in his individual capacity; MR. RUBIN COLBURN, of the Reception Treatment Center in his individual capacity; JANE DOES, in their individual capacities; and JOHN DOES, in their individual capacities. | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff filed a complaint on July 18, 2025. Filing 1. He is incarcerated within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). Plaintiff's claims will be dismissed.

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

2

## II. SUMMARY OF COMPLAINT

Plaintiff sues B'ani Jesuium Jewish Temple of Lincoln, NE, the "South Street Temple" leaders of Judaism, rabbis, and members of the temple, in their individual capacities; Mr. Rucker and Mr. Rubin Colburn, RTC's Religious Leaders of Coordination, in their individual capacities; and John and Jane Does, in their individual capacities. Plaintiff's complaint alleges:

At Plaintiff's request, Rucker contacted the South Street Temple in 2024. Rucker falsely advised the Temple that Plaintiff is a sex offender and not Jewish. Plaintiff's letters to the Temple were returned unopened. Plaintiff is now banned from sending letters to the Temple, and he will be disciplined if he does. The restriction effectively bans visits from the rabbi. Filing 1 at 7-8. Rucker also failed to assist Plaintiff in obtaining a "Star of David" necklace. Filing 6. Colburn, who became a RTC religious coordinator in February 2025, referred to Plaintiff as a "fake Jew," and states being Jewish is a religious practice, not a race. Filing 1 at 8. NDCS employees have been motivated to target Plaintiff as a sex offender. Filing 1 at 8. Plaintiff is concerned that his funeral wishes will not be honored; that his hair will be cut, he will be castrated, and his body will be cremated in violation of his Jewish faith. Filing 9 at 3-4.

Plaintiff alleges the discrimination and slander he has endured has caused physical and mental distress. He requests an award of $750,000 from the South Street Temple for targeting him as a Jew by other Jews. He further requests an order requiring the lead rabbi to resign. Filing 1-1 at 2. He requests a judgment for damages against Rucker and Colburn, along with an order requiring them to resign. Filing 1-1 at 2. Plaintiff wants to be recognized by the Jewish Prisoners Coalition as a survivor of hate against Jews, and he wants the Coalition to recognize Rucker and Colburn, and correctional officers Runge, Fisher, Grant, and Jensen, as racist and discriminatory against Jews.

Filing 1-1 at 3. He demands that the employment of Rucker, Colburn, Runge, Fisher, Grant, and Jensen be terminated.[1] He further demands that the Jewish Prisoner's Coalition be allowed to watch his funeral by video to confirm his wishes and faith are respected, and that they further witness his acts of cleaning his cell, his prayers, and his purity oath. Filing 9 at 4. He asks that the Coalition be involved in the litigation of this case. Filing 9 at 5.

Filing 1-4 appears to be discovery served for issues raised in this case.

## III. DISCUSSION

### A. Claims against the Temples, their Leaders, Rabbis. and Members

#### 1. Subject Matter Jurisdiction

A federal court must dismiss a case if it lacks subject matter jurisdiction. Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, if "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be

---

[1] The initial complaint was mailed as two parts in separate envelopes. Plaintiff asks the Court to investigate Garcia and the RTC mail room for failing to mail both parts to the Court. Filings 1-2, 1-3 and 1-4. But the Court received both mailings on the same day, so there is no factual basis for concluding they were not mailed as requested.

The court will also not address Plaintiff's demand that his adoptive mother be imprisoned for raising him as German when he is actually Jewish, and that the six women mentioned in *Lightfeather v. US Chief Justice Cavanaugh Supreme Court Judge, et al.*, 8:25CV434 (D.Neb.), be shamed and imprisoned for rape and aborting his children. The named defendants have nothing to do with these requests for relief. And the decision of whether to pursue criminal charges lies with the prosecutor, not the court or a private citizen. *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies when he himself is neither prosecuted nor threatened with prosecution).

greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

### a. Federal Question Jurisdiction

"Only a state actor can face § 1983 liability." *Doe v. N. Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021). The Jewish temples are private entities, and their leaders, rabbis and members are not government employees. A private entity can be considered a state actor under § 1983 in a few limited circumstances, including when the private entity performs a traditional, exclusive public function; when the government compels the private entity to take a particular action; or when the government acts jointly with the private entity. *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019). The temples, and their leaders, rabbis, and members do not provide a traditional public function, and they have not been compelled by the government or agreed to work with the government in performing any of the acts alleged in the complaint. They are not state actors and cannot be sued under 42 U.S.C. § 1983. The Court lacks federal question jurisdiction to adjudicate Plaintiff's claims against B'ani Jesuium Jewish Temple of Lincoln, NE, the South Street Temple leaders of Judaism, and their rabbis and members.

### b. Diversity Jurisdiction

Plaintiff is a Nebraska citizen; the B'ani Jesuium temple is a Nebraska citizen. Diversity of citizenship is lacking. The Court lacks diversity subject matter jurisdiction.

Plaintiff's claims, if any, against B'ani Jesuium Jewish Temple of Lincoln, NE, the South Street Temple Leaders of Judaism, and their rabbis and members must be dismissed for lack of subject matter jurisdiction.

### B. Claims against Rucker and Colburn

Plaintiff requests an order requiring Rucker and Colburn to pay damages and that their employment be terminated.

### 1. Termination of Employment

The Court does not make employment decisions—including termination of employment—for third parties, including the parties appearing before it. Irrespective of the merits of Plaintiff's claims, his request for an order terminating the employment of Rucker and Colburn must be denied.

### 2. Claim for Damages

Plaintiff alleges Rucker told the South Street Temple that Plaintiff is not Jewish and is a sex offender. Plaintiff alleges both statements are false and South Street Temple banned Plaintiff, and he cannot send letters to the temple. But Plaintiff does not allege why the temple banned him or that he is not permitted to practice his religion. Plaintiff has failed to state a claim arising from Rucker's alleged false statements to the South Street Temple. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (holding no denial of access to religion where Plaintiff does not allege he is unable to attend religious services or practice his religion within his cell).

Plaintiff alleges Rucker did not help him obtain a "Star of David" necklace. Plaintiff is not entitled to this assistance, and Rucker's refusal to provide the assistance did not violate the constitution.

Plaintiff alleges Colburn referred to Plaintiff as a "fake Jew," and characterized being Jewish as a religion, not a race, but he alleges no resulting harm, Plaintiff has failed to allege a constitutional violation arising from Colburn's statements.

### C. Stigma and Discrimination Claims

Plaintiff vaguely claims he was discriminated against for being Jewish. He asks for an order requiring the Jewish Prisoners Coalition to recognize Rucker and Colburn, and correctional officers Runge, Fisher, Grant, and Jensen (who are not named as defendants), as racist and discriminatory against Jews. But Plaintiff does not specifically allege who was involved in the

alleged discriminatory conduct, or what was done and how it impacted him. Irrespective of whether "Jewish" is a description of religion or race, Plaintiff must allege facts showing, as to each named defendant, that he was intentionally or purposefully subjected him to unequal treatment based on his race or religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 817 (8th Cir. 2008) (holding that absent allegations of intentional or purposeful treatment different than others similarly situated, Plaintiff has failed to state an Equal Protection claim); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (holding Plaintiff must show injury; "Verbal abuse by correctional officials, even the use of reprehensible racially derogatory language, is not by itself unconstitutional race discrimination "unless it is pervasive or severe enough to amount to racial harassment.").

Plaintiff alleges he was erroneously labelled a sex offender. He does not allege who, specifically, was responsible for that, and his complaint does not explain what happened as a result and how he was impacted. "[T]he law does not go so far as to find that labeling a defendant a sex offender, even in the context of a prison or jail environment, will violate his Eighth Amendment right to be free from cruel and unusual punishment." *Bell v. Martinez*, No. 5:15-CV-05003, 2017 WL 3017716, at \*4 (W.D. Ark. July 17, 2017). Plaintiff has failed to allege a constitutional claim arising from the being labelled a sex offender.

### D. Jewish Prisoners Coalition

Plaintiff requests several forms of relief from or involving the Jewish Prisoners Coalition (including recognition of his suffering as a Jew and the prison staff's discriminatory conduct, and monitoring of his funeral, prayers, purity oath, and this litigation). The Coalition is not named as a party to this lawsuit, and the Court cannot order relief that will require conduct by or impact an entity who is not a party to the lawsuit. Plaintiff's claims for relief

regarding conduct or recognition by the Jewish Prisoner's Coalition must be dismissed.

Since Plaintiff's claims must be dismissed, his requests for discovery, Filing 1-4, must be denied.

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court lacks subject matter jurisdiction to consider Plaintiff's claims against B'ani Jesuium Jewish Temple of Lincoln, NE, the South Street Temple leaders of Judaism, and their rabbis and members. Plaintiff has failed to state a claim against Mr. Rucker and Mr. Rubin Colburn, RTC's Religious Leaders of Coordination, in their individual capacities; and John and Jane Does, in their individual capacities. The complaint must be dismissed,

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. Plaintiff's request for discovery, Filing 1-4, is denied.
3. A separate judgment will be entered.

Dated this 13th day of February, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

8